**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION**

|  |  |  |
|---|---|---|
| ALLEN R. SEARS, | ) | |
| | ) | |
| | ) | Civil Action No. 3:24-cv-00295 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | United States District Judge |
| | ) | Stephanie L. Haines |
| MR. KOVAC, DR. NAJI MUHAMMAD, | ) | |
| MEDICAL DEPARTMENT, AND C/O | ) | United States Magistrate Judge |
| JESSICA BROTHERS SOPIC, | ) | Christopher B. Brown |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

**Christopher B. Brown, United States Magistrate Judge**

**I.    Recommendation**

Pending is the Partial Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant C/O Jessica Brothers Sopic.  ECF 65.  Sears filed a response in opposition, ECF No. 70.  The motion is fully briefed and ripe for disposition.[1]

After reviewing the motion and the opposition to it, and the relevant case law, it is respectfully recommended the motion be granted in part and denied in part.  Specifically, it is recommended the motion be granted as to all claims based on alleged violations of DOC policy, but the motion be denied as to Plaintiff's Eighth Amendment claims.

---

[1]    This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

1

## II.     Report

### A.     Factual Background[2] and Procedural History

Plaintiff, Allen R. Sears ("Sears"), is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") confined at SCI-Houtzdale.  Sears initiated this case on December 16, 2024 by filing pro se a Motion for Leave to Proceed in forma pauperis ("IFP Motion), ECF No. 1, and a civil rights complaint ECF No. 1-2.  The IFP motion was granted on December 31, 2024, ECF No. 7, and the Complaint officially filed.  ECF No. 8.  Named as defendants were the Medical Department at SCI Houtzdale, Dr. Naji, Mr. Kovac, and C/O Sopic.  *Id*.  Before any Defendant was served, Sears filed an Amended Complaint naming the same four defendants.  ECF No. 23.

Defendants Kovac, the Medical Department and C/O Sopic filed a motion to dismiss.  ECF No. 34.  In response, Sears filed a Second Amended Complaint – the operative pleading before the Court – naming only C/O Jessica Brothers Sopic, an SCI-Houtzdale corrections officer, as a defendant.  ECF No. 54.

According to the Second Amended Complaint, Sears was placed in the "DTU/Hole (for the mentally ill)" from January 8, 2024 through February 22, 2024.  *Id*. at 2.  Sears states he "is considered to be D-Code which is PA D.O.C. constitutes that the Plaintiff is severely mentally ill."  *Id*. at 6.  On January 11, 2024, Sears was moved out of Observation Cell #12 and placed in Cell #7.  The next day, C/O Sopic

---

[2]     The factual allegations are taken from the Second Amended Complaint and accepted as true for purposes of Defendant's motion to dismiss.

and a co-worker moved Sears to Cell #6.  According to Sears, he immediately noticed Cell #6 had "feces all over the cell, it smelled, there was trash all over the cell and the toilet had feces in it like the toilet has not been flushed at all." *Id.* at 7. His complaints about the unsanitary conditions of Cell #6 were ignored by C/O Sopic. *Id.* Sears also alleges C/O Sopic denied his multiple requests for cleaning supplies to clean his cell and to have "the hole workers come and properly clean the cell." *Id.* at 7-9.  Further, Sears contends from January 9, 2024 through January 20, 2024, C/O Sopic denied him recreation and showers. *Id.* at 2-6.  He was not able to "properly wash all [his] clothes, underwear, t-shirts, socks and sheets" until February 22, 2024, when he was released from the DTU. *Id.* at 12.

Sears contends C/O Sopic knew he was on the mental health roster and knew,

> denying Plaintiff a shower . . . would result in mental, physical and hygienic deterioration[;]" *Id.* at 10;
>
> denying Plaintiff fresh air, recreation and keeping him in a freezing cold and contaminated cell with no exercise, . . . would exacerbate Plaintiff's mental condition[;]" *Id.* at 14; and
>
> [Cell #6] was not properly cleaned with hot bleach . . . [and] a failure to provide or/and place the Plaintiff in a clean cell, . . . could exacerbate the Plaintiff's physical and mental condition. *Id.* at 17.

Based on C/O Sopic's alleged misconduct, Sears asserts claims under 42 U.S.C. § 1983 for the violation of his Eighth Amendment rights based on alleged deliberate indifference to his physical and mental health and safety. *Id.* at 10-19.  He also brings a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

*Id*. at 19 – 22.  According to Sears, C/O Sopic "knew or should have known that the Plaintiff is on the mental health roster as a D-Code (most severely mentally ill)" and C/O Sopic denied him "treatment /programs [to which he ]is entitled to; (eg), a shower, recreation 7 days a week."  *Id*. at 19-22.

C/O Sopic responded to the Second Amended Complaint by filing the instant partial motion to dismiss, ECF No. 65, and Brief in Support, ECF No. 66.  Sears filed a response in opposition to the motion.  ECF No. 70.  The matter is ripe for disposition.

### B.    Jurisdiction

The court has jurisdiction over this matter under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

### C.    Standard of Review

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled.  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and can be dismissed for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  A defendant has the burden of showing that a complaint fails to state a claim.  *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (*holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003)).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must be dismissed if it merely alleges entitlement to relief without supporting facts.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'"  *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).  The court need not accept as true "unsupported conclusions and unwarranted inferences[,]" *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), nor a plaintiff's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of their claims – not if they will ultimately prevail.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(overruled on other grounds).

Because Sears is proceeding *pro se*, the allegations in the Second Amended Complaint must be held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  If the Court can reasonably read the Second Amended Complaint to state a claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or unfamiliarity with pleading requirements.  *See Boag v. MacDougall*, 454 U.S. 364 (1982).  Despite this leniency, "pro se litigants still must allege sufficient facts in their complaints to

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## D.    Discussion

C/O Sopic has filed a partial motion to dismiss seeking dismissal of any claims alleging her actions violated DOC policies and alleging her actions violated the Eighth Amendment.  ECF No. 66 at 1.  These arguments will be addressed in turn.

### 1.    Any claims based on alleged violations of DOC policy should be dismissed

First, C/O Sopic argues Sears' claim that she failed to abide by DOC policies is not a viable cause of action under § 1983.  ECF No. 66 at 3.  Sears responds he is claiming C/O Sopic denied his "8th Amendment rights by failing to provide showers, recreation and/or a clean cell . . . and that such was also contrary to the policy of the DOC."  *Id.* at 5.  He argues "counsel for Defendant seeks to misconstrue Plaintiff's allegation by implying said denial were based solely on D.O.C. policy violations . . . ."  *Id.*

The Second Amended Complaint spends considerable time outlining how the actions of C/O Sopic allegedly violated DOC policy.  *See* ECF No. 54 at 2-9.  As a result, it is easy to see how "counsel for Defendants" interpreted these factual allegations as separate claims.  Sears clarifies in his response he is not seeking to bring separate claims based on a violation of DOC policy, but the violation of the policy, "supports an 8th Amendment claim."  ECF No. 70 at 7-8.  Even with that clarification, the alleged policy violations do not support independent claims or

6

bolster Sears other claims because DOC policies do not create rights actionable under § 1983. *See Stokes v. Houser*, No. 1:22-cv-01136, 2023 WL 5489034, at *3 (M.D. Pa. Aug. 24, 2023) (citing *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017)) (explaining, in the context of a § 1983 suit, "a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right") (footnote omitted). *See also Muata v. Hicks*, No. 21-3210, 2022 WL 2526692, at *2 (3d Cir. July 7, 2022) (holding district court properly dismissed plaintiffs' claims that defendants were liable for their subordinates' failure to follow prison policies).

Thus, to the extent the Second Amended Complaint presents claims based on alleged violations of DOC policies, such claims should be dismissed.

### 2.    Eighth Amendment – Deliberate Indifference[3]

Sears also claims the actions of C/O Sopic in placing him in an unsanitary and unclean cell as well as denying him showers and recreation all violated his Eighth Amendment right to be free from cruel and unusual punishment. Further contributing to the unsanitary conditions, Sears alleges C/O Sopic repeatedly denied his requests for cleaning supplies and refused to allow block workers to clean his cell. *See generally*, ECF No. 54. In response, C/O Sopic argues none of these allegations rise to the level of an Eighth Amendment violation. ECF No. 66.

---

[3]    It is unclear from the allegations in Second Amended Complaint if Sears is also bringing a First Amendment retaliation claim. *See* ECF No. 54 at 7 (after being placed in Cell #6, "it hit me that this was *retaliation* for putting the Defendant's name in a letter that I sent to the main PREA building in Harrisburg. The Defendant, a few c/o's and sergeants was in on the *retaliation* towards me.") (emphasis added); *see also id*. at 16 ("this was an *act of retaliation* on the Defendants' behalf.") (emphasis added). The parties will need to flesh this out during discovery.

The Eighth Amendment imposes on prison officials a duty to provide "'humane conditions of confinement.'" *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, (1994)). "For the conditions of confinement to rise to the level of an Eighth Amendment violation, they must deny the 'minimal civilized measure of life's necessities.'" *Id.* (quoting *Farmer*, 511 U.S. at 835) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Unsanitary conditions alone can be cruel and unusual. *Young v. Quinlan,* 960 F.2d 351, 364 (3d Cir. 1992), *superseded by statute*, Prison Litigation Reform Act of 1996, Pub.L. No. 104–134, 110 Stat. 1321, as recognized in *Nyhuis v. Reno*, 204 F.3d 65, 71 n. 7 (3d Cir. 2000). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective test. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Sears, through the allegations of the Second Amended Complaint, contends C/O Sopic knew of the unsanitary and unclean conditions of his cell but failed to remedy them. He alleges she knowingly placed him in a filthy cell "knowing that the cell was not properly cleaned with hot bleach water, the defendant knew that the inmate [previously in Cell #6] played with his feces by smearing it all over himself and his cell[.]" ECF No. 54 at 16. Sears also contends C/O Sopic knew Sears was mentally ill and still on the mental health roster, and "a failure to provide or place the Plaintiff in a clean cell . . . would exacerbate the Plaintiff's physical and mental conditions." ECF No. 54 at 17. Similarly, he contends C/O Sopic knew that failing to provide Sears recreation and showers would also

exacerbate his physical and mental conditions.  All these actions, according to Sears, support his claims that C/O Sopic violated his Eighth Amendment right to be free from cruel and unusual punishment.

In light of these allegations, and contrary to Defendant's position that the allegations that failure to provide a cell clean of fecal matter combined with the denial of showers and cleaning supplies for an inmate living with mental illness do not present an Eighth Amendment claim, the undersigned finds the Second Amended Complaint plausibly states an Eighth Amendment claim.  The undersigned recognizes discovery may well reveal the alleged conduct does not give rise to an Eighth Amendment claim, but at this stage of the litigation, the allegations of the Second Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Sears' favor.

## III.   Conclusion

For the above reasons, it is respectfully recommended the Partial Motion to Dismiss the Second Amended Complaint be granted in part and denied in part. Specifically, it is recommended the motion be granted as to all claims based on alleged violations of DOC policy and denied as to all Eighth Amendment claims.

To recap, it is recommended the following claims contained in the Second Amended Complaint proceed to discovery:  (1) all Eighth Amendment claims; (2) all ADA claims (as these were not challenged in the instant motion); and (3) First

Amendment retaliation claim, if any, that may have been alleged in the Second Amended Complaint (as these were not challenged in the instant motion).

Any party is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge.  In accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and LCvR 72.D.2, Sears, because he is a non-electronically registered party, must file written objections, if any, to this Report and Recommendation by **April 24, 2026**.  Defendant Sopic, because she is a registered party, must file objections, if any, by **April 21, 2026.**  The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011)(quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983).  *See also Equal Emp. Opportunity Comm'n v. City of Long  Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATED this 6th day of April, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    ALLEN R. SEARS
       MM1702
       SCI HOUTZDALE
       P.O. Box 1000
       209 Institution Drive
       Houtzdale, PA 16698-1000
       (via United States First Class Mail)

       Dalia Aboraya
       Pennsylvania Department of Corrections
       (via ECF electronic notification)

11