## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN R. SEARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:24-cv-295 |
| | ) Judge Stephanie L. Haines |
| C/O JESSICA BROTHERS SOPIC, | ) Magistrate Judge Christopher B. Brown |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM ORDER

Presently before the Court is a Second Amended Complaint in Civil Action pursuant to 42 U.S.C. § 1983 filed *pro se* by Allen R. Sears ("Plaintiff") (ECF No. 54). Plaintiff asserts that while he was incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale") his civil rights were violated when he was subjected to unsanitary living conditions by Corrections Officer Jessica Brothers Sopic ("Defendant"). In summary, he states that Defendant placed him in a cell with feces and trash, that he was denied a staff cleaning to clean the cell or supplies to clean it himself, as well as denied recreation and showers. ECF No. 54, pp. 2-7. He said Defendant denied him these basic civilities despite knowing that such conditions would exacerbate Plaintiff's physical and mental condition. ECF No. 54, p. 17. Plaintiff states that he suffers from severe mental illness. ECF No. 54, p. 6.

On October 3, 2026, Defendant filed a Partial Motion to Dismiss (ECF No. 65) and Plaintiff filed his Response (ECF No. 70). The fully briefed Partial Motion to Dismiss was referred to Magistrate Judge Christopher B. Brown for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On April 6, 2026, Magistrate Judge Brown filed a Report and Recommendation (ECF No.

1

79) recommending that the Partial Motion to Dismiss (ECF No. 65) be granted in part and denied in part. Defendant was given to April 21, 2026, and Plaintiff was given to April 24, 2026, to file written objections. *See* 28 U.S.C. § 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Defendant did not file objections and the time to do so has expired. On April 17, 2026, Objections (ECF No. 80) were docketed on behalf of Plaintiff but the document states, "I the Plaintiff have no Objections but just wondering whats [sic] the next step. But far [sic] as the Report and Recommendation, I have no objections." ECF No. 80, p. 1.

Upon review of the record and the Report and Recommendation (ECF No. 79) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Brown in this matter. Judge Brown correctly determined that any claim based on a failure to abide by Department of Corrections Policy is not a viable claim under 42 U.S.C. § 1983 and, thus, the Motion to Dismiss should be granted as to this claim. ECF No. 79, p. 7. Judge Brown also correctly found that Plaintiff's claim as to an Eighth Amendment violation was plausible based on the facts asserted, and as such the Motion to Dismiss should be denied in this regard. ECF No. 79, p. 8-9. The Court agrees with Judge Brown's determinations that the case should proceed as to all Eighth Amendment claims; all American with Disabilities Act ("ADA") claims (as these were not challenged in the Partial Motion to Dismiss); and any First Amendment retaliation claim that may have been alleged in the Second Amended Complaint (as this was not challenged in the Partial Motion to Dismiss).

Accordingly, the following order is entered:

**<u>ORDER</u>**

AND NOW, this 27th day of April, 2026, IT IS ORDERED that the Partial Motion to Dismiss (ECF No. 65) hereby is GRANTED in part and DENIED in part; and,

IT IS FURTHER ORDERED that Magistrate Judge Brown's Report and Recommendation (ECF No. 79) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Plaintiff's claims as to failure to abide by Department of Corrections Policy are DISMISSED. This case shall proceed as to Plaintiff's Eighth Amendment claim, ADA claim, and First Amendment claim, if applicable, against Defendant.

This case is returned to the jurisdiction of the Magistrate Judge for further proceedings.

Stephanie L. Haines
United States District Judge

Allen R. Sears
MM1702
SCI Houtzale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000